*THE STATE OF KANSAS, *Appellee*, V. ANDY BROCK, *Appellant*.

No. 11,324.

1. CRIMINAL LAW—*Conviction of Lesser Offense Included in the One Charged.* One charged with assault with intent to kill, under section 38 of the crimes act, may be convicted of assault with intent to commit manslaughter, under section 41 of that act.

2. ——— *Manslaughter—Intent.* There are degrees of manslaughter where an intent to kill may exist.

3. ——— *Verdict—Specification of Degree of Offense.* Section 41 of the crimes act defines but one offense, and in a conviction thereunder the verdict need not specify the degree of manslaughter the defendant intended to commit when the assault was made.

Error from Reno district court. Opinion filed November 11, 1899. Affirmed.

*Prigg & Williams,* for the appellant.

*A. A. Godard,* attorney-general, and *L. M. Fall,* county attorney, for the appellee.

*Per Curiam:* Andy Brock was charged with assault with a deadly weapon with intent to commit manslaughter, under section 38 of the crimes act (Gen. Stat. 1868, ch. 31, § 38, Gen. Stat. 1909, § 2526), and convicted of assault with intent to commit manslaughter, under section 41 of that act (Gen. Stat. 1868, ch. 31, § 41, Gen. Stat. 1909, § 2529). In his appeal he contends that the judgment of conviction was not warranted by the information, evidence or verdict.

The criminal act provides that upon a trial the accused may be found guilty of an offense included in the one charged. Assault with intent to commit manslaughter is included in the charge made against the

*NOTE.—This case was not reported in full when the opinion was filed (see 61 Kan. 857), and is reported here because it is cited in the case of *The State v. Murray,* ante, p. 148.

defendant, and as to the intent to kill stated in the information it may be said that there are degrees of manslaughter where an intent to kill may exist. Assault with intent to commit manslaughter, of which the defendant was convicted, is not necessarily inconsistent with the charge of assault with intent to kill. (*The State v. Tankersley,* ante, p. 165; *The State v. O'Shea,* 59 Kan. 593.)

The verdict does not specify the degree of manslaughter which the defendant intended to commit when the assault was made, but it would seem to be unnecessary in a conviction under section 41. In fixing the punishment no distinction is made as to the degree of manslaughter intended to be committed. The penalty is the same, whatever grade of manslaughter the defendant may have intended to commit. There is but one offense defined by that section, of which there are no degrees, and therefore there is no basis or reason for specifying degrees in the verdict.

We think there was no prejudicial error committed in the instruction to the jury and that no reason exists for overthrowing the verdict. The judgment is affirmed.